By the Court. — Monell, J.
Although “ surprise ” was one of the grounds upon which the motion *294 for a new trial was made, there was nothing whatever in the affidavits to sustain it. Krekeler, who alone made the affidavit ás to the materiality of the evidence, did not claim that the defendants were surprised by the testimony of the plaintiff, but claimed that it was upon a material matter, which the defendants were now prepared to contradict. Indeed, the defendants could not claim to have been surprised. Mr. Krekeler and Mrs. Krekeler and the witness Fitzpatrick were present when the plaintiff gave his evidence, and afterwards, upon their examinations, denied that Mr. Krekeler was present when his wife paid the interest.
The motion, therefore, cannot be presumed to have been granted on the ground of surprise, but must be presumed to have been granted on the ground of newly discovered evidence.
The new evidence was of declarations made by the plaintiff since the trial, contradictory of his testimony at the trial. If, therefore, such evidence at the trial was to a material matter, the new evidence is ground for a new trial, unless it is merely cumulative.
The largest effect which can be given to this new evidence, is, that it might authorize a finding that Krekeler did not have notice of the parol agreement of Phillips, to pay seven per cent, interest. If he was not present when Mrs. Krekeler paid the interest, then, perhaps, he is not to be bound by what was said to her, and is in a position to claim not to be affected by the agreement.
The competency of this evidence, for the purposes of this motion, depends upon two considerations :
First. Was the evidence it is designed to contradict material to the issue %
The learned justice who tried this action has not made any direct finding in respect to the notice, attempted to be proved, to the defendant of the parol agreement of Phillips. In the view taken by him, that *295 cantract was not binding upon the grantee of Phillips, • who only assumed to pay the rate of interest reserved in the mortgage; and he accordingly found as a fact, that the demand and payment of seven per cent, interest was made under a mutual mistake of law, “ that a parol agreement between the mortgagee and a former owner of the premises, who was liable for the payment of the mortgage, whereby the rate of interest reserved in the mortgage was waited, was binding on a subsequent purchaser of the premises, who by deed to him had assumed the payment of the mortgage, although he had no notice of such parol agreement. ”
If anything can be derived from this finding,' it is that whether Krekeler had or had not notice of the parol agreement was wholly immaterial. In either aspect the agreement was not binding upon him, and he was liable to pay interest only at the rate reserved in the mortgage. He therefore held that the May payment of interest was made under a mistake of law “that the mortgagee after his mortgage becomes due, may, as matter of law, demand seven per cent, interest, although the mortgage’ reserves a less rate.”
We cannot, upon this motion, question the correctness of the decision below. We must assume it to be correct. If it is incorrect, the court, upon the pending appeal from the judgment, will send the case back for a new trial, when the new evidence, if it is proper, may be let in. But assuming the decision to be correct, then it is clear that the evidence now sought to be contradicted was wholly immaterial, and might very properly*have been excluded on the trial. And this is a complete answer to this motion for a new trial.
Second. But even in the view that the evidence was material, a finding that Krekeler had notice of the parol agreement could not be changed. He sent his wife to pay the May interest, furnishing her with the money, and she, on the demand of the plaintiff, paid *296 at the rate of seven per cent., being told that the interest was at that rate until May. This was communicated to Krekeler by his wife, and he ratified all that his agent had done.
Again: the new evidence is cumulative. The plaintiff was contradicted at the trial by Mr. and Mrs. Krekeler and by Fitzpatrick, all of whom testified that Mr. Krekeler was not present, when Mrs. K. was told the interest was seven per cent, until May. To further contradict the plaintiff, even by his declarations since made, would be merely to accumulate evidence.
The motion for a new trial should not, therefore, have been granted, for all or either one of these reasons: First, the evidence designed to be contradicted was immaterial ; second, such evidence showed that notice of the parol agreement was given to the defendant’s agent; and, third, the new evidence is cumulative.
The order setting aside the judgments and granting a new trial should be reversed, with costs.